United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. GREEN,

Petitioner,

v.

KEN CLARK,

Respondent.

Case No. 20-cv-04110-SK

**ORDER TO SHOW CAUSE**

Petitioner, a state prisoner at the California State Prison in Corcoran, has filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from San Francisco County Superior Court. (Dkt. 1.)

The petition is properly before the undersigned for initial review because petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. 3.)

**BACKGROUND**

A jury convicted Petitioner of first-degree murder and found true an enhancement allegation that he personally discharged a firearm causing death. (Dkt. 1.) Petitioner was also convicted of attempted murder with an enhancement for personal use of a firearm and of being a felon in possession of a firearm. (*Id.*) The trial court sentenced Petitioner to 82 years to life in state prison. (Dkt. 1-1.) He appealed.

The California Court of Appeal reversed and remanded for resentencing for the limited purpose of allowing the trial court to consider whether the firearm enhancements imposed should be stricken but affirmed the judgment in all other respects. (Dkt. 1-1.) The Supreme Court of California denied review. (Dkt. 1.) On August 16, 2019, the trial court resentenced Petitioner on remand to 67 years to life in state prison. (*Id.*)

The instant federal petition followed.

United States District Court
Northern District of California

## DISCUSSION

**A. Standard of Review.**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

**B. Claims.**

Petitioner seeks federal habeas corpus relief under § 2254 based on the following claims: (1) denial of due process based on the trial court's failure to instruct the jury *sua sponte* on the lesser included offenses of voluntary manslaughter and attempted voluntary manslaughter, despite evidence that Petitioner acted under the heat of passion; (2) ineffective assistance of counsel for failure to request jury instruction regarding the effect of provocation on the degree of murder; (3) insufficient evidence to support murder and attempted murder convictions; and (4) ineffective assistance of counsel for failure to request a limiting instruction regarding evidence that witnesses were afraid to testify.

The claims appear cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve (1) a copy of this order, (2) the petition and all attachments thereto, and (3) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within 60 days of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing

Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and Respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

4. Petitioner and Petitioner's counsel are reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: July 7, 2020



SALLIE KIM
United States Magistrate Judge